UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8509 FMO (FFMx) | Date | January 15, 2019 |
|---|---|---|---|
| Title | Lifestyle Enterprise, Inc. v. Urban Home | | |

Present: The Honorable Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None Present                      None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Subject Matter Jurisdiction

On October 3, 2018, plaintiff Lifestyle Enterprise, Inc. ("plaintiff") filed a Complaint, (Dkt. 1), alleging various state law causes of action against defendant Urban Home ("defendant"). Federal subject matter jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332[1] and an amount in controversy that exceeds $75,000. (See id. at ¶ 4). The Complaint alleges that plaintiff "is a North Carolina corporation headquartered in North Carolina[,]" (id. at ¶ 2), and that defendant "is a California corporation headquartered in Oxnard." (Id. at ¶ 3).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Title 28 U.S.C. § 1332(c)(1) mandates that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" "The jurisdictional rule governing here is unambiguous and it is not amenable to judicial enlargement." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94, 126 S.Ct. 606, 616 (2005). While both plaintiff and defendant are corporations, (see Dkt. 1, Complaint at ¶¶ 2-3), the Complaint's jurisdictional allegations are inadequate because plaintiff fails to set forth "every State and foreign state by which it has been incorporated[.]" § 1332(c)(1). Consequently, if the circumstances are such that plaintiff is indeed a domestic California corporation, (see Cal. Corp. No. C1783702, incorporated May 13, 1996), that is registered in North Carolina as a foreign corporation (N.C. Corp. No. 0564026, formed Sept. 15,

---

[1] All subsequent statutory references are to title 28 of the United States Code unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8509 FMO (FFMx) | Date | January 15, 2019 |
|---|---|---|---|
| Title | Lifestyle Enterprise, Inc. v. Urban Home | | |

2000), then plaintiff's omission of where it was incorporated appears to be an attempt to "manufactur[e] diversity jurisdiction to inappropriately channel ordinary business litigation into the federal courts." Yokeno v. Mafnas, 973 F.2d 803, 809 (9th Cir. 1992).

      Based on the foregoing, IT IS ORDERED that no later than **January 22, 2019**, plaintiff shall file a First Amended Complaint setting forth allegations establishing where plaintiff was incorporated and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Failure to file a First Amended Complaint by January 22, 2019, shall be deemed as consent to the dismissal of the action for lack of subject matter jurisdiction and/or failure to comply with the orders of the court. In addition, failure to file a timely response may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |